ANDREW LOCKHART, ADM'R OF CHARLES W. LOCKHART, DE-
CEASED, VS. THE REPUBLIC OF TEXAS. — Appeal from Gon-
zales County.

An unmarried colonist, under the age of twenty-one years, was not entitled,
under the colonization laws, to a headright grant to land. Nor can such a
claim be sustained under the constitution of Texas, or the land law of 1837,
without giving them a retroactive effect.

The appellant brought this suit to establish the right of his
intestate to one-third of a league of land.

It appears from the record that Charles W. Lockhart emi-
grated with his father to Texas in the year 1829, and the next
year settled in DeWitt's colony, a certificate of which, under
the head of the empresario, Green DeWitt, was read in
evidence to the jury. That he subsequently designated a
[128] tract of land as his choice, under the colonization laws,
but died in 1831, without having obtained a title thereto.
That his administrator afterwards obtained from the land
board of Gonzales county, in right of the intestate, a certifi-
cate for one-third of a league of land, and had the same located,
which certificate the traveling board subsequently failed to
report and recommend as legal and genuine.

On the trial it was proven by one witness that Lockhart had
land surveyed for him, but died before title was made. It was
also proven that a certificate was issued to the administrator
under the law of December, 1837, and that the same was not
recommended for patent.

The judge instructed the jury, if they believed the said
Lockhart was not twenty-one years of age, to find for the re-
public. It was not proven that he had attained this age.
There was a verdict and judgment for the republic.

*Neill*, for appellant.

*Harris*, Attorney General, for appellee.

No briefs furnished the reporters.

Mr. Chief Justice HEMPHILL delivered the opinion of the
court, Mr. Justice WHEELER not sitting.

There are some minor points in this case which are con-

trolled by former decisions; but the principal question is, whether the successor of a single person, who resided in Texas, but died before the declaration of independence, is entitled under the laws of the country to a grant from the government of one-third of a league of land. We have been referred to no authorities which indicate the age to be attained by an unmarried claimant before he is entitled, under the laws of colonization, to a headright grant, as a colonist, from the government. No usage or custom on the subject matter has been referred to or proven.

The articles cited from the colonization law of 1825 [129] confer on unmarried or single men the right to a portion of the public domain, but the age at which this right accrues is not specified.

The judge of the court below charged the jury, in effect, that the descendant should have been twenty-one years of age to enable his representative to sustain the claim. We are satisfied with this instruction, as we are not informed of any law which would legitimately entitle an unmarried colonist, under that age, to obtain a headright grant to land. The claim cannot be sustained under the constitution or the law of 1837, without giving them a retroactive effect, and, from the 22d section of this latter law, we may infer the opinion of the legislature, that, unless under special circumstances and provisions of law, single men were not entitled to land as a headright until arriving at twenty-one years of age; for the various ages at which, under the laws of Spain, certain acts could be legitimately done, or franchises and offices enjoyed. See 1 White's Recop. 3, 5; El Diccionario, p. 198.

There being no error in the judgment of the court below, let the same be affirmed.